KEKER, VAN NEST & PETERS LLP
AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
MICHAEL S. KWUN - # 198945
mkwun@keker.com
KHARI J. TILLERY - # 215669
ktillery@keker.com
EDUARDO E. SANTACANA - # 281668
esantacana@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant SHANGHAI MOONTON
TECHNOLOGY CO., LTD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIOT GAMES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHANGHAI MOONTON TECHNOLOGY CO., LTD., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-4986 MWF (SS$_X$)<br><br>**DECLARATION OF AJAY S. KRISHNAN IN SUPPORT OF DEFENDANT MOONTON'S MOTION FOR A DISMISSAL OR STAY PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS**<br><br>Date:    December 4, 2017<br>Time:    10:00 a.m.<br>Dept.:   5A<br>Judge:   Hon. Michael W. Fitzgerald<br><br>Date Filed:  July 6, 2017<br><br>Trial Date:  Not Assigned |

---

DECLARATION OF AJAY S. KRISHNAN ISO DEFENDANT'S MOTION TO DISMISS PURSUANT TO
THE DOCTRINE OF FORUM NON CONVENIENS, OR, IN THE ALTERNATIVE, TO STAY
Case No. 2:17-cv-4986 MWF (SS$_X$)

1200298.01

I, Ajay S. Krishnan, declare that:

1. I am an attorney licensed to practice law in the State of California, duly admitted to practice before this Court, a partner of Keker, Van Nest & Peters LLP, and counsel of record for Defendant Shanghai Moonton Technology Co. Ltd. (hereafter "Moonton") in the above entitled case. I have been litigating complex civil cases for the past twelve years, including through trial, with a focus on intellectual property cases.

2. I have personal knowledge of the facts set forth herein and, if called to testify as a witness thereto, could do so competently under oath.

3. In my professional experience, when witnesses from Asia are traveling to the United States to attend trial, the witnesses need to set aside four to five days in their schedules, even if the witness is expected to testify for no more than a few hours. This amount of time is necessary to budget (1) travel time from Asia, (2) time to both recuperate from jet lag and prepare with U.S. litigation counsel in person, (3) budget for a two-day window in which the witness may be expected to be called, and (4) travel time back to Asia. In many instances, witnesses must budget significantly more time. I would advise my client in this case accordingly.

4. In my professional experience, I anticipate that the additional costs of (1) a "State Secrets" document review and (2) Chinese-to-English translation of Moonton's documents for this case, if it were to proceed to trial, could easily amount to $500,000 to $1,000,000. I focus on these two costs because they are costs that are unique to Chinese language documents located in China (when compared to English language documents located in the United States). I also estimate approximately $80,000 in increased expense due to translated testimony at depositions (this estimate does not include the cost of travel for depositions, or the cost of translation at trial).

1
DECLARATION OF AJAY S. KRISHNAN ISO DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS, OR, IN THE ALTERNATIVE, TO STAY
Case No. 2:17-cv-4986 MWF (SS$_X$)

1200298.01

i) "States Secrets" document review[1] in China could cost between $250,000 and $500,000 for processing Moonton's Chinese language documents. For a case of this size and complexity (involving two accused games, with the games evolving over time), a document collection from Moonton could easily amount to 250,000 documents consisting of electronically stored information ("ESI"). For instance, a collection protocol that permits 10 ESI custodians with a maximum of 20,000 documents per custodian, plus another 50,000 non-custodial documents would amount to 250,000 documents. Based on an inquiry I made with a translation vendor in California with which I have experience, I understand that state secrets document reviewers (*i.e.*, lawyers licensed to practice law in China who offer this service) run from $100-$200 per hour. Assuming that a $100-per-hour reviewer reviews 50 documents per hour, 250,000 documents would cost $500,000 to review. Even factoring in cost-savings (*e.g.*, certain categories of documents may not require review), it is unlikely that the cost of state secrets review would dip below $250,000.

ii) Another potential cost, which I ignore here, is the cost of a relevance/materiality review. I am assuming, as is common, that ESI documents are collected using search terms applied to relevant databases; a review is still required to assess the relevance or materiality of the documents. I understand that, typically, states secret document reviewers do not perform a relevance review; instead, a review for relevance is performed by bilingual document reviewers in the United States, who cost approximately $90 per hour. But I ignore this cost for now—even though I suspect it would be significant—because some form of

---

[1] State Secrets document review is a feature of document collection from China. *See, e.g.*, Gary Gao & Zhong Lun, "An Inevitable Conflict: China State Secrets Review in Cross-Border Litigation," International Bar Association Litigation Committee, May 11, 2016 https://www.ibanet.org/Article/Detail.aspx?ArticleUid=afea32c8-0aec-480c-a0ac-e50592ff250a (last visited October 26, 2017); Michael Vella & Jerry Ling, "Traps for the Unwary in Disputes Involving China," Jones Day Publications, August 2012, http://www.jonesday.com/traps_for_unwary/ (last visited October 26, 2017).

2
DECLARATION OF AJAY S. KRISHNAN ISO DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS, OR, IN THE ALTERNATIVE, TO STAY
Case No. 2:17-cv-4986 MWF (SS$_X$)

1200298.01

relevance review (e.g., running targeted searches) is required even for English language document collections.  Because it is difficult to calculate the marginal additional cost of a relevance review for Chinese documents (when compared to a comparable relevance review for English documents) I have omitted this cost.

   iii) Document translation could cost an additional $250,000 to $500,000.  Assuming—very optimistically—that only 0.5% to 1% of the 250,000 collected Chinese language documents would pass a relevance screen that warrants translation, resulting in 1250 to 2500 documents.  It is very uncommon, in a case of this size and complexity, that the law firm representing a party would review only 1250 to 2500 of that party's documents.  Indeed, it is typical for 500 to 1000 of a party's documents to become trial exhibits, and trial exhibits are selected from a far larger body of reviewed materials.  Nonetheless, assuming that only 1250 to 2500 documents require translation, and assuming that documents are five pages long on average, translating 1250-2500 documents would cost $250,000 to $500,000.  For this motion alone, translation of a mere twelve documents—the average length of which was below five pages—cost approximately $2400, and took four to five days.

   iv) Combined, the costs of state secrets review and translation amount to $500,000 to $1,000,000 in expense.  This range represents the marginal additional expense of handling and translating Moonton's Chinese-language documents (when compared to a similarly situated American company with English-language documents).

   v) I also estimate the marginal additional cost that will be incurred by Moonton for depositions of Moonton's witnesses—by virtue of the fact that most of them do not speak English—to be $80,000 (which does not include any travel costs).  To estimate cost, I start with the assumption that Riot will seek to take eight depositions of Moonton employees (all of whom reside in China) who will require Mandarin-English translation.  Because the depositions cannot occur in

3

DECLARATION OF AJAY S. KRISHNAN ISO DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS, OR, IN THE ALTERNATIVE, TO STAY
Case No. 2:17-cv-4986 MWF (SS$_X$)

1200298.01

China, I assume that they will occur in a nearby country, such as Singapore. For each such deposition of a Moonton employee in Singapore who requires translation, I would estimate that the deposition would cost at least $10,000 more than a comparable deposition of an English language deposition in Singapore. I assume that a translated deposition would take two days (this is a common request for translated depositions). I have learned from a translation vendor that certified Chinese-to-English translators in Singapore cost approximately $1500 per day, or $3000 per two-day deposition. I also estimate that such a deposition would require at least 13 hours of additional attorney time compared to a deposition involving an English-speaking witness (*i.e.*, approximately 9 hours of additional time for the second day of deposition, and approximately 4 hours of additional prep time with the witness). Assuming a blended rate of $550 per hour for attorney time, the resulting cost would be $7150. Thus, each such Chinese-language deposition in Singapore would cost approximately $10,000 (*i.e.*, $3000 for translator time and $7150 in extra attorney time per deposition) more than a comparable English-language deposition in Singapore. Eight such depositions would result in an additional $80,000 expense. This does not include the cost of travel from China to Singapore (for the witnesses) or from the United States to China (for the attorneys), or the cost of accommodation in Singapore. Nor does it include the cost of translators at trial.

vi) All of the costs that I estimated in this paragraph are based on optimistic assumptions, aimed at developing a conservative projection for the additional costs associated with Chinese-language documents located in China and with Chinese-speaking witnesses. I would expect actual costs, were this case to proceed to trial, to be higher.

5. On October 17, 2017, I authored a letter, on behalf of Moonton, to Audrey at the Apple App Store. The letter was a response to Riot's July 13, 2017 complaint to Apple, which alleged that Moonton's game, *Mobile Legends Bang*

4
DECLARATION OF AJAY S. KRISHNAN ISO DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS, OR, IN THE ALTERNATIVE, TO STAY
Case No. 2:17-cv-4986 MWF (SS$_X$)

1200298.01

*Bang* ("*Bang Bang*") infringes on Riot's copyrights and trademarks related to its PC-game, *League of Legends*. A true and correct copy of that October 17, 2017 letter is attached to this declaration as **Exhibit A**.

6. On October 19, 2017, Attorney Marc Mayer submitted a response, on behalf of Riot to Audrey at the Apple App Store. A true and correct copy of Riot's October 19, 2017, response is attached to this declaration as **Exhibit B**.

7. On October 24, 2017, my colleague, Michelle Ybarra, responded to Riot's October 19 letter on behalf of Moonton. A true and correct copy of that October 24, 2017, letter is attached to this declaration as **Exhibit C**.

8. Riot's complaint in this case lists six United States trademark registration numbers that it owns relating to *League of Legends*. Those registration numbers are 4576134, 457135, 4614039, 3815808, 3756125, and 4164849. Compl. ¶ 18. I instructed a paralegal at my law firm, Veronica Fujisawa, to compare the United States trademarks correlated with the numbers from Riot's complaint with similar *League of Legends* trademarks registered by Riot in China. Attached to this declaration as **Exhibit D** is a chart that Ms. Fujisawa created comparing Riot's U.S. *League of Legends* trademarks with similar Chinese *League of Legends* registered trademarks owned by Riot.

9. Attached hereto as **Exhibit E** is a true and correct copy of a portion of the U.S. Department of State Foreign Affairs Manual, 7 FAM 920, *et seq.*, "Taking Voluntary Depositions of Willing Witnesess," available at https://fam.state.gov/FAM/07FAM/07FAM0920.html (last accessed Oct. 27, 2017)

///
///
///
///
///
///

5
DECLARATION OF AJAY S. KRISHNAN ISO DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS, OR, IN THE ALTERNATIVE, TO STAY
Case No. 2:17-cv-4986 MWF (SS$_X$)

1200298.01

("Some countries prohibit taking depositions. For example: The Russian Federation; The People's Republic of China; Brazil").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 27, 2017 in San Francisco, California.

/s/ *Ajay S. Krishnan*
Ajay S. Krishnan

6
DECLARATION OF AJAY S. KRISHNAN ISO DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS, OR, IN THE ALTERNATIVE, TO STAY
Case No. 2:17-cv-4986 MWF (SS$_X$)

1200298.01